IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 24-34908 (CML) |
| GLOBAL WOUND CARE MEDICAL GROUP, ) | |
| a Professional Corporation, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |

## RESPONSE TO FIRST DAY DECLARATION

United States of America, on behalf of itself and the U.S. Department of Health and Human Services (together, the "United States") files this response to the Declaration of Ralph Cetrulo in Support of Chapter 11 Petition and First Day Motions (the "First Day Declaration") in the above-captioned case, and shows as follows.

1. The Debtor, a California professional corporation headquartered in Los Angeles, California, filed this case on October 21, 2024. In its list of the top twenty unsecured creditors, the Debtor disclosed a single creditor, Wound Pros Management Group ("Wound Pros MG"), holding an alleged claim in excess of $155 million under a Management Services Agreement with the Debtor.[1]

2. The First Day Declaration indicates that the Debtor filed this case after CMS suspended its right to receive Medicare reimbursements based on "credible allegations of fraud." According to Mr. Cetrulo, the events leading to the case were as follows:

> On September 11, 2024, without any prior notice, Qlarant Integrity Solutions, LLC ("Qlarant") informed the Debtor that all Medicare payments had been suspended (the "Payment Suspension"). . .The Payment Suspension is an unnecessary, drastic action based

---

[1] The Petition lists Wound Pros MG with an address identical to that of the Debtor. In the First Day Declaration, Cetrulo, who acts both as the Chief Financial Officer of the Debtor and in an unspecified role with Wound Pros MG, states that Wound Pros MG "manages" and "supports" the Debtor's operations. (First Day Decl. ¶ 1, 16).

on vague, unsubstantiated allegations of fraud. The Debtor has requested additional information regarding the allegations but none has been provided. . . . At most, Qlarant has identified a run-of-the-mill payment dispute—instances of potential good-faith billing errors that have been rectified.

(First Day Decl. ¶ ¶ 28-29).

3.  To say the least, the First Day Declaration presents a grossly inaccurate picture of pre-petition events involving the United States and the Debtor and Wound Pros MG. The Debtors and Wound Pros MG have been aware of the allegations underlying the Medicare payment suspension for over a year. Such allegations, in part, led to issuance of Civil Investigative Demands ("CIDs") to Global, Wound Pros MG, and a number of other "Wound Pros" entities, many of which had Medicare billing privileges revoked in 2023. Neither the Debtor nor Wound Pros MG complied with the CIDs, and the United States filed, on June 27, 2024, a *Petition of the United States For Order To Show Cause And Summary Enforcement Of Civil Investigative Demands* (the "Enforcement Petition") seeking to enforce the CIDs and compel the respondents (including Global and Wound Pros MG) to comply with the information requests therein. That petition remains pending in the Eastern District of California in the case entitled *United States v. Wound Pros Management Group, Inc.*, Case No. 2:24-mc-00263-DAD-CKD (E.D. Cal, June 27, 2024). A copy of the petition is attached as Exhibit "A" to this Response.[2]

4.  As set forth in the Enforcement Petition, the United States sought information from the Debtor, Wound Pros MG, and other respondents in connection with investigations of the United States into whether Respondents "made false statements in claims submitted to the federal healthcare programs in violation of the False Claims Act, 31 U.S.C. §§ 3729-3733, the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, the Physician Self-Referral ("Stark") Law, 42 U.S.C. §

---

[2] While the Respondents have produced some documents subsequent to the Enforcement Petition, the parties remain in ongoing discussions concerning the terms of compliance with the CIDs.

1395nn, and common law." (Enforcement Petition, ¶ 10). The United States described a variety of allegations being investigated, including that Respondents "falsely stated that services provided by nonphysician personnel were 'incident to' a physician's services," that the Respondents "billed Medicare claims for reimbursement through entities other than the one that performed the services," and numerous other allegations.[3] *Id.*

5. The United States' investigations continue into the Debtors and Wound Pros. In part, those investigations relate to the creation of the Debtor itself. The Debtor was incorporated in California on March 20, 2023, scant days after numerous Wound Pros entities and their owner, Christopher Otiko, had their Medicare billing privileges revoked. The Debtor's ostensible owner, Owen B. Ellington, was previously an owner and/or manager of at least one of the revoked Wound Pros entities. The revoked entities "chief legal officer" executed and filed the articles of incorporation of the Debtor. And, chiefly, Wound Pros MG has acted—and continues to act—as the "manager" of the Debtor, obtaining what appear to be tens of millions in "management fees" from the Debtor on a monthly basis.

6. The First Day Declaration presents an incomplete and inaccurate view of the Debtor's, and Wound Pros MG's, knowledge and understanding of the allegations against them, and the record should be corrected to reflect that fact. The United States reserves all rights to take further action concerning the Debtor and the present bankruptcy case.

Respectfully submitted, this 24th day of October, 2024.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

---

[3] The CIDs themselves provided far greater detail about the allegations involving the Debtor and Wound Pros. Among other matters, the CIDs seeking information concerning "Your or Wound Pros' ability to participate in the federal healthcare programs, revocation by CMS, and any notifications from CMS regarding any actual, potential, or suspected failure to comply with CMS requirements." CID, attached as Exhibit 7 to Enforcement Petition, Doc. Request #8).

/s/Augustus T. Curtis
KIRK T. MANHARDT
MARY A. SCHMERGEL
AUGUSTUS T. CURTIS
ANDREW WARNER
Commercial Litigation Branch Civil Division
Department of Justice
1100 L Street, N.W., Room 7024
 (202) 307-0356
*Attorneys for the United States*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that I caused a copy of this Notice of Appearance to be served on October 24, 2024, upon those parties who have registered for the Court's electronic noticing system (CM/ECF) and by electronic mail on the parties requesting electronic service of notices.

 /s/ *Augustus T. Curtis*
Augustus T. Curtis, Trial Counsel

2